UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., et al., | |
| Plaintiffs, | Civil Action No. 14-2904 (PGS)(DEA) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| SCOTT GREENBERG, *et al.,* | |
| Defendants. | |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Plaintiffs seeking leave to effectuate substituted service on Defendant Abel Tirado or, in the alternative, for an extension of time to serve Mr. Tirado [Dkt. No. 41]. Plaintiffs' Motion is unopposed. For the reasons set forth below, Plaintiffs' Motion for substituted service is **GRANTED** and Plaintiffs' Motion for an extension of time to serve Mr. Tirado is **DENIED** as moot.

**I.    BACKGROUND**

Plaintiffs' Complaint was filed on May 7, 2014, and alleges that Defendants submitted, or caused to be submitted, "thousands of fraudulent charges" for chiropractic treatments purportedly provided to individuals insured by Plaintiffs who claimed to have been involved in automobile accidents and were eligible for coverage under no-fault automobile insurance policies. Compl. at ¶ 1. Plaintiffs claim that Mr. Tirado, along with Defendants Orlando Sanchez, Jimmy A. Tovar and Andres D. Sanchez-Munoz, participated in the fraudulent scheme by receiving and distributing kickbacks from Defendants Scott Greenberg and Central Jersey

1

Chiropractic and Rehabilitation Centres, P.A., in exchange for patient referrals. *Id.* at ¶ 2-3. Defendants, including Mr. Tirado, were arrested and charged for their roles in the alleged fraudulent scheme. *Id.* at Ex. B-D.

Prior to filing their Complaint, Plaintiffs completed a "Person Locator" search on Lexis.com and Intellius, which provided Plaintiffs with an address for Mr. Tirado in Perth Amboy, New Jersey. Dkt. No. 41 at p. 3. The address obtained by Plaintiffs for Mr. Tirado is also listed on Mr. Tirado's current New Jersey Voter Registration. *Id.* On June 3, 2014, Plaintiffs provided a copy of the Summons and Complaint to a process server and the Summons was returned unexecuted. *Id.* Upon the return of the unexecuted Summons, Plaintiffs employed Spartan Detective Agency, Inc. ("Spartan") to conduct an investigation to locate an alternative address for Mr. Tirado. *Id.* On July 9, 2014, Spartan provided Plaintiffs with an address for Mr. Tirado in Keasbey, New Jersey. *Id.* at p. 4. On July 10, 2014, a process server attempted to serve Mr. Tirado at the address identified by Spartan in Keasbey, New Jersey, and the Summons was again returned unexecuted. *Id.*

In addition to the search conducted by Spartan, Plaintiffs conducted a search of public criminal records associated with Mr. Tirado for alternate addresses that may have been identified during any time Mr. Tirado was incarcerated or on probation.[1] *Id.* Plaintiffs' search indicated that Mr. Tirado was no longer incarcerated or on probation, and provided the identity of Mr. Tirado's attorney in the criminal proceeding against him as Rodger J. Wolf, Esq. *Id.* Plaintiffs made several attempts to contact Mr. Wolf to which Mr. Wolf did not respond. *Id.* Thereafter, Plaintiffs attempted to serve Mr. Wolf with a subpoena for the sole purpose of obtaining Mr.

---

[1] Plaintiffs also reviewed all publicly available records related to Mr. Tirado's arrest in Middlesex County, Somerset County and Morris County. *Id.* at p. 5. However, the only addresses listed for Mr. Tirado were the addresses in Perth Amboy and Keasbey which were previously obtained by Plaintiffs. *Id.*

2

Tirado's last known address. *Id.* at p. 4-5. The process server was unable to serve Mr. Wolf with the subpoena and indicated to Plaintiffs that Mr. Wolf had evaded service. *Id.* at p. 5.

Plaintiffs also conducted a search of public records which revealed a P.O. Box in Perth Amboy, New Jersey associated with Mr. Tirado and/or his immediate family. *Id.* On July 24, 2014, Plaintiffs contacted the United States Postal Service and were advised that the P.O. Box associated with Mr. Tirado had been owned "by a woman" since 1979. *Id.* Subsequent inquires revealed that the P.O. Box was affiliated with "M. Tirado" and that the P.O. Box was identified as Mr. Tirado's address on his New Jersey Driver's License. *Id.* On July 24, 2014, Plaintiffs served Mr. Tirado via certified and regular mail to the P.O. Box. *Id.* at p. 6. The certified mail receipt was executed as "received" and the documents served via regular were not returned. *Id.*

Since serving Mr. Tirado by mail to the P.O. Box in Perth Amboy, Plaintiffs state that they have continued to conduct searches of several databases to obtain any new or updated address information for Mr. Tirado. *Id.* According to Plaintiffs, their continued search has failed to reveal any new information. *Id.* Accordingly, Plaintiffs claim they have "exhausted all methods of obtaining personal service upon [Mr. Tirado]" and request that service via certified and regular mail to the P.O. Box be permitted. *Id.*

## II.     DISCUSSION

Courts cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure. *See Adams v. Allied Signal Gen. Aviation Avionics,* 74 F.3d 882, 886 (8th Cir.1996); *Eastman Kodak Co. v. Studiengesellschaft Kohle mbH,* 392 F.Supp. 1152, 1154 (D.Del.1975) ("Service of process on a [defendant] is the procedural incident of the assertion of a court's jurisdiction over it."). Where there is a question

3

as to the validity of service, the burden of proof of service lies on "the party asserting the validity of service." *Grand Entm't Group v. Star Media Sales,* 988 F.2d 476, 488 (3d Cir.1993).

Pursuant to Federal Rule of Civil Procedure 4(e), an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The New Jersey Rules of Court provide the applicable state law for service of process on individuals. Under N.J. Ct. R. 4:4-4:

> (a) [t]he primary method of obtaining in personam jurisdiction over a defendant . . . is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3, as follows:
>
>> (1) [u]pon a competent individual . . . by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.

N.J. Ct. R. 4:4-4(a).

Initially, the Court finds that Plaintiffs have not effected service on Mr. Tirado in accordance with Fed. R. Civ. P. 4(e) or N.J. Ct. R. 4:4-4(a). Plaintiffs did not serve Mr. Tirado personally, did not leave a copy of the Summons and Complaint at Mr. Triado's dwelling or usual place of abode with a suitable individual, and did not deliver a copy of the Summons and

4

Complaint to an authorized agent of Mr. Tirado. Accordingly, the Court must determine whether Plaintiffs effected substituted or constructive service in accordance with New Jersey law. In addition to the methods for service set forth in N.J. Ct. R. 4:4-4(a), New Jersey law provides for substituted or constructive service:

> [i]f it appears by affidavit . . . that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant as follows:
>
>> (C) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode . . .

N.J. Ct. R. 4:4-4(b)(1)(C).

Plaintiffs request that their service via certified and regular mail to the P.O. Box in Perth Amboy identified as being affiliated with Mr. Tirado be deemed effective service of process. Although Plaintiffs did not address service to Mr. Tirado's dwelling house or usual place of abode, substituted service through mail as set forth in N.J. Ct. R. 4:4-4(b)(1)(C) "may be addressed to a post office box in lieu of a street address only if the sender cannot by diligent effort determine the addressee's street address or if the post office does not make street-address delivery to the addressee." N.J. Ct. R. 1:5-2.

The "diligence" required by a plaintiff before qualifying for substituted service has no fixed standard. *See Modan v. Modan,* 327 N.J.Super. 44, 48, 742 A.2d 611 (App. Div. 2000). The efforts exercised by a plaintiff and the alternative service requested must meet the constitutional requirements of due process. *Cf. O'Connor v. Abraham Altus,* 67 N.J. 106, 126–127, 335 A.2d 545 (1975). Namely, the "elementary and fundamental requirement of due process" is that there be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections." *O'Connor,* 67 N.J. at 126, 335 A.2d 545 (quoting *Mullane,* 339 U.S. at 314); *see also Dusenbery v. United States,* 534 U.S. 161, 168, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) ("Since *Mullane* was decided, we have regularly turned to it when confronted with questions regarding the adequacy of the method used to give notice."). Accordingly, when considering diligence, the Court conducts a fact-sensitive inquiry "measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan,* 327 N.J.Super. at 48, 742 A.2d 611 (internal citation and quotation marks omitted). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, 2012 WL 1884003, at *5 (D.N.J. May 22, 2012) (citations omitted).

Upon review of Plaintiffs' efforts and attempts to serve Mr. Tirado pursuant to Fed. R. Civ. P. 4(e) or N.J. Ct. R. 4:4-4(a), the Court finds that Plaintiffs have demonstrated sufficient diligence to allow for substituted service via simultaneous certified and regular mail to the P.O. Box affiliated with Mr. Tirado. Since filing their Complaint, Plaintiffs have, themselves and through a private detective agency, continuously and actively searched several databases and sources for information related to Mr. Tirado and pursued any possible sources of additional information. Plaintiffs have attempted personal service at two addresses listed as belonging to Mr. Tirado and even attempted to serve Mr. Tirado's attorney in the criminal proceeding with a subpoena to obtain the correct information for Mr. Tirado. After their unsuccessful attempts at personal service, Plaintiffs were able to identify the P.O. Box in Perth Amboy, New Jersey, and confirmed that the P.O. Box matched the address listed on Mr. Tirado's driver's license. Although Mr. Tirado has not responded to Plaintiffs' Complaint, Plaintiffs' service to the P.O.

Box was marked as "received" and was not returned. Accordingly, Plaintiffs' Motion for substituted service is GRANTED.

### III.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 14th day of April, 2015,

**ORDERED** that Plaintiffs' Motion for substituted service on Defendant Abel Tirado [Dkt. No. 41] is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Motion for an extension of time to serve Defendant Abel Tirado is **DENIED** as moot.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge